UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **TIGER A. ROGERS,** | |
| **Plaintiff,** | |
| v. | CAUSE NO. 3:24-CV-482-JTM-AZ |
| **MEKEL MITCHELL,** | |
| **Defendant.** | |

### OPINION and ORDER

Tiger A. Rogers, a prisoner without a lawyer, filed a complaint. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Rogers alleges that, on September 25, 2022, Mekel Mitchell used excessive force against him by spraying him with O.C. gas. He further alleges that Mitchell brought false conduct charges against him, and his term of incarceration has been extended because of those charges. He seeks monetary damages.

Rogers was charged with battery against a staff person and lost good time credit.[1] *See Rogers v. Warden*, 3:24-CV-72-TLS-JEM (filed Jan. 19, 2024). The complaint alleged that Rogers refused a direct order and spat on Mitchell. That conviction has not been overturned.

Rogers cannot seek damages based on allegations that the force used against him was unreasonable or the charges brought against him were false because he did not disobey a direct order or spit on Mitchell. Such claims necessarily imply the invalidity of his disciplinary conviction.[2] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (*Heck* applies to prison disciplinary convictions). These claims cannot be brought unless and until his conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87; *see also Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019). Indeed, this court's records reflect that Rogers filed a federal habeas petition challenging this same disciplinary conviction, which remains pending. *See Rogers v. Warden*, 3:24-CV-72-TLS-JEM (filed Jan. 19, 2024). Therefore, this case must be dismissed without prejudice. *Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011).

---

[1] The loss of credit time was initially suspended, but it was imposed on February 9, 2023.

[2] The court is cognizant that excessive force claims are not categorically barred by *Heck*. *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006). Here, however, Rogers alleges that he did not engage in any conduct that would have justified the use of OC spray—allegations which directly undermine his disciplinary conviction. *Id.* (*Heck* bar applies "if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction").

2

Ordinarily, the court should give a *pro se* litigant an opportunity to cure his defective pleadings before dismissing the case. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1025 (7th Cir. 2013). However, the court is not required to grant leave to amend where such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). That is the case here. The court finds no basis to conclude that, if given another opportunity to plead his claims, Rogers could overcome the *Heck* bar. *See Morgan*, 914 F.3d at 1120 ("The favorable-termination rule [in *Heck*] is more than a procedural hurdle that plaintiffs can skirt with artful complaint drafting . . . . Rather, it is grounded in substantive concerns about allowing conflicting judgments.").

For these reasons, the court **DISMISSES** this action **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A and **DIRECTS** the clerk to close this case.

**SO ORDERED.**

Date: June 13, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT