UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIGER A. ROGERS,

    Plaintiff,

        v.                                          CAUSE NO. 3:24-CV-482-JTM-AZ

MEKEL MITCHELL,

    Defendant.

## OPINION and ORDER

Tiger A. Rogers, a prisoner without a lawyer, filed an amended complaint against Mekel Mitchell. (DE # 23.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Rogers alleges that, on September 25, 2022, Mekel Mitchell and two other officers shook down his cell. Something was confiscated. When he was back in his cell, he asked what had been confiscated. Mitchell and the other officers would not tell Rogers what they confiscated. Pursuant to the prison's policies, Rogers should have been provided with a confiscation slip for anything taken from the cell. Because he was not provided with a confiscation slip, Rogers refused to allow Mitchell to remove his handcuffs. He

asked to see a supervisor, but Mitchell said she was the supervisor and that she would spray him with OC spray if he did not allow her to remove the cuffs. Rogers continued to politely and calmly request information about what they took, but Mitchell refused to tell him and threated to spray him a second time. At that time, Rogers yelled for help and Mitchell sprayed him with OC spray. Rogers contends that no force was needed because he was secured in his cell and handcuffed behind his back. He seeks monetary damages.

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* at 890. Giving Rogers the benefit of all favorable inferences, he will be permitted to proceed on an excessive force claim against Officer Mitchell.

For these reasons, the court:

(1) GRANTS Tiger A. Rogers leave to proceed against Mekel Mitchell in her individual capacity for compensatory and punitive damages for using excessive force

against Rogers on September 25, 2022, by spraying him with OC spray while he was secured in his cell and in handcuffs, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Mekel Mitchell at the Indiana Department of Correction, with a copy of this order and the complaint (DE # 23);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Mekel Mitchell to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: July 16, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT