**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

TIGER A. ROGERS,

      Plaintiff,

         v.                                  CAUSE NO. 3:24-CV-482-JTM-AZ

MEKEL MITCHELL,

      Defendant.

## <u>OPINION AND ORDER</u>

Tiger A. Rogers, a prisoner without a lawyer, is proceeding in this case against

Sergeant Mekel Mitchell "in her individual capacity for compensatory and punitive

damages for using excessive force against Rogers on September 25, 2022, by spraying

him with OC spray while he was secured in his cell and in handcuffs, in violation of the

Eighth Amendment[.]" (DE # 27 at 2-3.) Sgt. Mitchell filed a motion for summary

judgment, arguing Rogers did not exhaust his available administrative remedies before

filing this lawsuit. (DE # 37.) Rogers filed a response and Sgt. Mitchell filed a reply. (DE

## 43, 44.) The motion for summary judgment is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law." Federal

Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the

evidence is such that a reasonable [factfinder] could [find] for the nonmoving party."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine

issue of material fact exists, the court must construe all facts in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not

2

respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The parties agree to the following facts. During all relevant times, an Offender Grievance Process was in place at Indiana State Prison which required Rogers to complete three steps before filing this lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. (DE # 37-2 at 3.) On October 3, 2022, Rogers submitted a grievance complaining Sgt. Mitchell had unnecessarily sprayed him with pepper spray and Lt. Lott had then taken away his blankets after he refused to apologize to Sgt. Mitchell. (DE # 37-3.) Rogers requested as relief that he be provided a blanket for his cell and Lt. Lott be demoted for violating prison policy. *Id.* On October 12, 2022, the Grievance Specialist rejected and returned this grievance to Rogers, stating: "Per policy 00-02-301, you cannot grieve for staff discipline. Camera shows Lt. Lott removing curtains which are unauthorized." (DE # 37-5 at 1.) Because the Grievance Specialist rejected and returned Rogers' October 3 grievance, rather than accepting it and issuing a response on the merits, the Offender Grievance Process did not allow Rogers to proceed with submitting Level I and Level II appeals. (*See* DE # 37-2 at 12-13.)

Sgt. Mitchell argues Rogers did not exhaust his available administrative remedies before filing this lawsuit because he should have corrected and resubmitted his October 3 grievance after it was rejected by the grievance office. In his reply, Rogers argues his administrative remedies were unavailable for the same reasons outlined by the court in Case No. 3:24-CV-376-GSL-JEM, which dealt with the same exact grievance

at issue in this case. *See Rogers v. Lott*, No. 3:24-CV-376-GSL-JEM, 2025 WL 1488476, at *2 (N.D. Ind. May 23, 2025) (holding the Grievance Specialist made Rogers' administrative remedies unavailable by improperly rejecting his October 3 grievance "solely because it sought an improper remedy.").

Here, construing the facts in the light most favorable to Rogers, the undisputed facts show the Grievance Specialist made the grievance process unavailable to him by improperly rejecting his October 3 grievance. Specifically, as discussed by the court in Case No. 3:24-CV-376, the Grievance Specialist rejected Rogers' October 3 grievance because he improperly requested as relief that Lt. Lott be demoted. (DE # 37-5.) The Offender Grievance Process does provide that "staff discipline" is a matter inappropriate to the Offender Grievance Process. (DE # 37-2 at 4.) But the Offender Grievance Process further provides that: "No grievance shall be rejected because an offender seeks an improper or unavailable remedy, except that a grievance shall be rejected if the offender seeks a remedy to a matter that is inappropriate to the offender grievance process." *Id.* at 7. Here, because Rogers' allegation that Sgt. Mitchell used excessive force against him was a matter "appropriate" to the Offender Grievance Process, the fact that he requested improper relief was not a valid reason for rejecting the grievance. *See id.* at 3 (providing that "actions of individual staff" are a matter appropriate to the Offender Grievance Process); *id.* at 7 (providing that, so long as a grievance seeks a remedy for a matter that is appropriate to the Offender Grievance Process, it shall not be rejected for requesting an improper remedy). By improperly rejecting Rogers' October 3 grievance solely because it requested an improper remedy,

4

the grievance office made Rogers' administrative remedies unavailable and left him without any further available remedies to exhaust. *See Jackson v. Esser*, 105 F.4th 948, 957 (7th Cir. 2024) ("If administrative remedies are genuinely unavailable or nonexistent because, for example, prison employees failed to respond to properly filed grievances, we consider the prisoner to have satisfied the exhaustion requirement"); *Rogers*, 2025 WL 1488476, at *2.

The defendants are correct that Rogers could have revised and resubmitted his October 3 grievance after it was rejected by the grievance office. *See* DE # 37-2 at 10 (providing that once a grievance is rejected by the grievance office, "[i]t shall be the responsibility of the offender to make the necessary revisions to the grievance form and to return the revised form to the Offender Grievance Specialist within five (5) business days from the date that it is returned to the offender.") But here, because Rogers' October 3 grievance was improperly rejected by the grievance office, there was no need for him to make any revisions. *See Williams v. Wexford Health Sources, Inc.*, 957 F.3d 828, 833–34 (7th Cir. 2020) (prisoners are not required to "go beyond the established system" to exhaust). Moreover, the record in Case No. 3:24-CV-376 contains additional evidence showing Rogers did not have an available remedy to revise and resubmit his October 3 grievance. *See Rogers*, 2025 WL 1488476, at *2 (explaining that Rogers attempted to resubmit his October 3 grievance after it was rejected by the grievance office with a letter explaining he was not attempting to grieve staff discipline, and the grievance office merely rejected his grievance again without providing any further explanation as to why the grievance was being rejected); *Ebmeyer v. Brock*, 11 F.4th 537, 542–43 (7th Cir.

5

2021) (remedies are considered unavailable when prison staff cause an inmate to believe he cannot file a grievance when, in fact, he can).

Accordingly, because the facts construed in Rogers' favor show the grievance office made his administrative remedies unavailable by improperly rejecting his October 3 grievance, Sgt. Mitchell has not met her burden to show Rogers had available administrative remedies he did not exhaust before filing this lawsuit. Sgt. Mitchell's motion for summary judgment (DE # 37) is therefore **DENIED.**

**SO ORDERED.**

Date: July 29, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT